NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CARLOS HERNANDEZ,

Defendant - Appellant.

No. 09-50461

D.C. No. 2:08-cr-01354-PSG-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 9, 2010
Pasadena, California

Before: NOONAN, BERZON, and CALLAHAN, Circuit Judges.

Juan Carlos Hernandez appeals the district court's denial of his motion to

suppress evidence. Hernandez argues that his inculpatory statements should be

suppressed because those statements were the product of his illegal detention. For

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

reasons below, we conclude that even if Hernandez's detention were illegal an intervening event attenuated the taint of that illegality. We therefore affirm.

We review de novo the denial of a motion to suppress evidence and the underlying findings of fact for clear error. *United States v. Song Ja Cha,* 597 F.3d 995, 999 (9th Cir. 2010); *United States v. Jennen*, 596 F.3d 594, 597-98 (9th Cir. 2010). We also review de novo whether probable cause existed to arrest a defendant. *United States v. Lopez*, 482 F.3d 1067, 1071 (9th Cir. 2007). We further review de novo whether the exclusionary rule applies in a given case. *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1159 (9th Cir. 2007).

We assume without deciding that Hernandez's detention was illegal until the time his co-defendant, Pedro Ismael Soltero, incriminated him. Thus, the admissibility of Hernandez's inculpatory statements depends on whether those statements were "'come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (citation omitted). *Brown v. Illinois*, 422 U.S. 590 (1975), sets forth factors for making this determination: (1) as a threshold requirement, "[t]he voluntariness of the statement"; (2) the existence of *Miranda* warnings; (3) "[t]he temporal proximity of the arrest and the confession"; (4) "the presence of intervening circumstances"; and (5) "particularly, the purpose and

2

flagrancy of the official misconduct." *Id.* at 603-04. *See also United States v. Manuel*, 706 F.2d 908, 912 (9th Cir. 1983). We take up each of these factors in turn.

The first *Brown* factor weighs against suppression because we have no indication that Hernandez's statements were involuntary. Hernandez made his statements after receiving *Miranda* warnings and without any apparent direct coercion.

For similar reasons, the second *Brown* factor also weighs against suppression because Hernandez twice received *Miranda* warnings.

The third *Brown* factor, by contrast, favors Hernandez because the supposedly illegal arrest was in fairly close temporal proximity to his inculpatory statements. Police detained Hernandez seven hours before he made his statements. *See Taylor v. Alabama*, 457 U.S. 687, 690-91 (1982). Police interviewed Soltero shortly before interviewing Hernandez.

The fourth factor, importantly, weighs against suppression because the police interviewed Hernandez as a result of Soltero's incriminating statements and those statements were independent of any illegality. The police questioned Soltero after completing their search of the Summershade residence and the record does

3

not suggest that the questioning was in any way connected to Hernandez's detention. Police then interrogated Hernandez after Soltero had incriminated him.

Lastly, the fifth factor weighs against suppression because any police misconduct here was not flagrant. The police detained Hernandez to determine his connection to the residence being searched, not to extract a confession from him. Although Hernandez's detention lasted approximately seven hours, he was permitted to the use the bathroom when needed, and he was given water when requested.

On balance, we conclude that the factors above militate in favor of not suppressing the evidence here. In particular, the intervening event of Soltero's incriminating statements and the lack of flagrant police misconduct outweigh any temporal proximity between Hernandez's supposedly illegal detention and his own statements.

**AFFIRMED.**